FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 1 1 2004

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

    Civ. No. 03-1016 BB/RLP
    Cr. No. 01-0018 LH

VIOLETA HUIZAR,

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.     This is a proceeding brought pursuant to 28 U.S.C. § 2255. Ms. Huizar, who is represented by counsel, is currently serving a term of 78 months' imprisonment after pleading guilty to both counts of a two-count indictment for possession with intent to distribute 50 kilograms and more of Marijuana, in violation of (both counts) and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

2.     Ms. Huizar's § 2255 Motion asserts the following grounds for relief: her plea was involuntary; the conviction was obtained by an unconstitutional search and seizure; ineffective assistance of counsel; and denial of the right of appeal. Ms. Huizar offers no facts to support these claims. Current counsel filed extensions of time to reply [Doc. 7 & 9] and

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.



filed a Reply[2] on January 7, 2004 [Doc. 10].

4. A conclusory statement that a defendant's plea was involuntary, that she didn't understand the nature of the charges or the consequences of the plea, is insufficient to overcome the statements to the contrary made in open court. Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir. 1996). The Plea Hearing transcript indicates the court questioned Ms. Huizar at length about whether she understood the plea, the sentence, and the ramifications of her plea; every question elicited a positive response.

5. Similarly, claims of ineffective assistance of counsel must be supported by factual averments. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Ms. Huizar offers nothing to support this claim. Even if the court were to construe her claims that her constitutional rights were violated when she was stopped and arrested and her claim that she was denied an appeal as evidence of ineffective assistance of counsel, these claims must still fail. She does not state how her rights were violated or on what grounds she would filed a direct appeal and the court cannot, therefore, evaluate any of her claims.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside, or Correct Sentence be denied and that this case be dismissed with prejudice.

Richard L. Puglisi, United States Magistrate Judge

---

[2] Attached to the Reply is a letter Dated December 14, 2003 from Ms. Huizar to Mr. Joseph Ray, Esq. questioning some matters (why didn't she get a downward departure, never received a plea offer, and explanation of her family situation) and some documents indicating completion of classes on self-esteem and parenting. No factual statements going to the grounds asserted are contained in this letter.